Reubin O'D. Askew Governor Tallahassee
QUESTION:
May a member of the Board of Trustees of the Dade County Public Health Trust also serve on the Board of Business Regulation?
SUMMARY:
A member of the Board of Trustees of the Dade County Public Health Trust may also serve on the Board of Business Regulation, since membership on the board of trustees does not constitute a public office.
Section 5(a), Art. II, State Const., provides in pertinent part:
 No person shall hold at the same time more than one office under the government of the state . . . except that . . . any officer may be a member of a . . . statutory body having only advisory powers.
It seems clear that a member of the Board of Business Regulation is an `officer' within the purview of the above-quoted constitutional provision. Therefore, the important consideration is whether or not a member of the board of trustees of a public health trust is also an `officer.'
Although the term `office' has not been constitutionally defined, the Florida Supreme Court has stated:
 The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . . The term office embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. [State ex rel. Holloway v. Sheats, 83 So. 503 (Fla. 1919); emphasis supplied.]
In AGO 074-232, I concluded that a town councilman could serve as a member of a planning commission since
 the commission appears to be statutorily vested with no authority to exercise any aspect of the sovereign power of the state, the possession and exercise of such power being an identifying characteristic of an `office.'
 That opinion also noted that the exception of s. 5(a), Art. II, supra, with respect to statutory bodies having only advisory powers appeared to be a constitutional recognition and restatement of this long-established definition.
 An examination of part II of Ch. 154, F. S., which authorizes the creation and establishment of public health trusts, reveals that such entities have not been statutorily vested with independent powers, but rather possess only such powers as the governing body of the county may choose to bestow. For example, s. 154.10, F. S., provides for the relationship of the county public health trust to the board of county commissioners, and provides that the
 county governing body shall, by ordinance, by contract or lease with the public health trust, or by a combination of the foregoing, provide for each of the following:
 (1) A method whereby the public health trust shall account to the county governing body for all receipts and expenditures of money.
 (2) A method whereby the public health trust shall request, and the county governing body may approve, the appropriation and payment of county funds to support the lawful purposes of the trust.
 (3) A method whereby the public health trust shall request, and said county governing body may effectuate, the issuance of bonds or the borrowing of money, pursuant to authority vested in said governing body of the county.
 (7) A procedure whereby the county governing body may approve or disapprove of contracts between the board of trustees and labor unions.
 (8) A method whereby the county governing body may declassify facilities as `designated facilities' and provide for the county to assume the ownership, operation, governance, or maintenance of such facilities. (Emphasis supplied.)
Similarly, s. 154.11, F. S., in setting forth the powers of the board of trustees of a county public health trust, states that its powers are `subject to limitation by the governing body of the county in which such board is located . . . .' (Emphasis supplied.)
In light of the foregoing, therefore, I am not persuaded that a board of trustees of a county public health trust possesses theindependent attributes of sovereignty which are characteristic of an office. Moreover, as was stated in AGO 071-324, it is a generally established principle that the right to hold office is a valuable one which should not be curtailed except by plain provisions of law. Attorney General Opinion 071-324 also quoted extensively from 42 Am. Jur. Public Officers s. 61, p. 928, providing:
 . . . the rule that provisions imposing disqualifications should be strictly construed is applicable to those which prohibit dual office holding. They should not be extended by implication beyond the office or offices expressed, or to persons not clearly within their meaning. In other words, they should be construed in favor of eligibility.
Accordingly, in the absence of legislative or judicial determination, I am of the view that a member of the Board of Trustees of the Dade County Public Health Trust may also serve on the Board of Business Regulation.
Prepared by: Staff